## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**REGINA HIGGINS,**

                    **Plaintiff,**

**-vs-**                                                    **Case No.  6:07-cv-1093-Orl-31KRS**

**YOLENA TOLICHENKO,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On June 26, 2007, Plaintiff Regina Higgins filed a complaint against Yolena Tolichenko, who was incarcerated with Higgins.  Doc. No. 1. This cause came on for consideration without oral argument on the application to proceed without prepayment of fees filed by Higgins.  Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Higgins's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I.    STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.   ALLEGATIONS OF THE COMPLAINT.

The complaint, which consists only of one long, narrative paragraph, alleges that while Higgins was incarcerated by Orange County, she "was harrassed [sic] by a homosexual name[d] Yolena Tolichenko." Doc. No. 1 at 2. Tolichenko would pull Higgins's sheets off while Higgins was sleeping, flash her breasts at Higgins, "prance around" without her top on, and talk about having sex with Higgins. *Id*.

The complaint also alleges that Higgins was kept in a dormitory where there were many other inmates who had sex with one another. She felt the other inmates were "loud and disrespectful." *Id*. at 4. Higgins regularly complained to guards and religious leaders about the other inmates' sexual activities and advances towards her. However, the "correction officers allowed [the other inmates] to play [their] homosexual games." *Id*. Accordingly, Higgins "lost all respect for Orange County Correction Officers for condoning homosexual harassment in jail" and who "were very unprofessional in [their] behavior as County officers." *Id* at 5.

At one point, Higgins "got into a verbal confrontation with a homosexual inmate because she was having sex with her partner on the floor under [Higgins's] bunk." *Id*. at 6. After the inmate spat on her, Higgins reported the incident to a correctional officer. The officer "really didn't care," and did nothing about the situation except to give Higgins a new blanket. *Id*.

The complaint alleges that Higgins "was incapacitated until Oct[ober] 29th 2006 so [Higgins] was not able to file [her] complaint or retain a lawyer until now." *Id*. at 2.

### III.  ANALYSIS.

It is unclear what claims Higgins intends to assert.  She does not identify any causes of action under federal or state law for anything done by Tolichenko.  While she describes a situation that was likely frustrating or embarrassing, the law generally does not provide a remedy for another's rude behavior.  Furthermore, Higgins does not specify what sort of relief she seeks.  Thus, the complaint does not contain a short and plain statement showing an entitlement to relief, and is accordingly deficient under the applicable standard.

Furthermore, absent an identifiable cause of action, it is unclear what, if any, basis for federal jurisdiction exists in this case.  Higgins does not specify any federal constitutional or statutory provisions that she believes were violated.  Accordingly, it does not appear that this Court could exercise federal question jurisdiction.  28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00.  28 U.S.C. §

-4-

1332.  Higgins does not allege the state in which she and Tolichenko are citizens, and there is no indication of any amount of money that is in controversy.  Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed.  The Eleventh Circuit has held that when a complaint dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate.  *See  Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

In the event Higgins elects to file an amended complaint, she must specifically identify what actions taken by Tolichenko allegedly violate the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Higgins must identify the specific provision of the Constitution, federal law, or treaty that was violated.  She must explain the actions taken by the defendant that allegedly violated the cited provision, describe how she was harmed by the defendant's actions, and describe the relief sought from the Court.  If Higgins intends to assert a claim based on state law, she must show that this Court could exercise diversity jurisdiction, as discussed above.  Higgins should indicate the date or dates on which the alleged violations occurred.  Higgins must also identify

Tolichenko with reasonable specificity by providing her complete name and address.

Finally, Higgins should not include allegations about persons not named as defendants.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**.  I further recommend that the Court give Higgins eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint that sets forth a cause of action and that states the basis of this Court's jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 5, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy