**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**REGINA HIGGINS,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-1093-Orl-31KRS**

**ORANGE COUNTY CORRECTIONS,**

                **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 8)**
>
> **FILED:** **August 20, 2007**

I. **BACKGROUND.**

On June 26, 2007, Plaintiff Regina Higgins filed a complaint against Yolena Tolichenko, who was incarcerated with Higgins in the Orange County jail. Doc. No. 1. In her complaint, Higgins alleged that she was offended by the homosexual activities of other inmates and that she was sexually harassed by Tolichenko. *Id.* at 2-4. Higgins also filed a motion to proceed without prepayment of fees. Doc. No. 2.

A Report and Recommendation was issued on Higgins' motion to proceed without prepayment of fees, recommending that the motion be denied without prejudice and that the complaint be dismissed without prejudice. Doc. No. 5. In her complaint, Higgins failed to identify any causes of action under federal or state law and failed to specify what relief she was seeking. *Id.* at 4. The Report and Recommendation stated that:

> In the event Higgins elects to file an amended complaint, she must specifically identify what actions taken by Tolichenko allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Higgins must identify the specific provision of the Constitution, federal law, or treaty that was violated. She must explain the actions taken by the defendant that allegedly violated the cited provision, describe how she was harmed by the defendant's actions, and describe the relief sought from the Court. If Higgins intends to assert a claim based on state law, she must show that this Court could exercise diversity jurisdiction, as discussed above. Higgins should indicate the date or dates on which the alleged violations occurred.

*Id*. at 5. An order was entered confirming and adopting the Report and Recommendation on July 25, 2007. Higgins was given eleven days from the date that the order was entered to file an Amended Complaint. Doc. No. 6.

Higgins filed an amended complaint on August 20, 2007, twenty-six days after the Court's order allowing Higgins to file an amended complaint. Doc. No. 7. The amended complaint named Orange County Corrections as the defendant. *Id.* An amended application to proceed without prepayment of fees was filed on August 20, 2007. Doc. No. 8.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Higgins' amended complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e)

applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## II.   ALLEGATIONS OF THE COMPLAINT.

In her one-page, two-sentence amended complaint, Higgins alleges that Orange County Corrections Officers engaged in "dereliction of duty" and "improper behavior" when they intentionally disregarded Higgins' safety by "failing to exercise care to prevent a known danger by the homosexuals in Orange County Correctional facility." Doc. No. 7 at 2. If it were not for the Orange County Corrections Officers' conduct, Higgins "would have never been sexually har[]assed by Yolena Tolichenko." *Id.* at 2.

## III.   ANALYSIS.

As was the case in her original complaint, it is unclear what claims Higgins intends to assert in her amended complaint. Once again, Higgins does not identify any specific provisions of the Constitution, federal law, or treaty that were violated. She does not explain how the actions taken by

the defendant led to violations of these provisions, how she was harmed by the defendant's actions, or the relief sought from the Court. She also does not allege any violation of state law or show that the Court could exercise diversity jurisdiction. Thus, the amended complaint does not contain a short and plain statement showing an entitlement to relief, and is accordingly deficient under the applicable standard.

As stated in the previous Report and Recommendation, absent an identifiable cause of action, it is unclear what, if any, basis for federal jurisdiction exists in this case. Higgins does not specify any federal constitutional or statutory provisions that she believes were violated. Accordingly, it does not appear that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Higgins does not allege the state in which she and the defendant are citizens, and there is no indication of any amount of money that is in controversy. Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed. While leave to amend should be given to permit Higgins to again amend her complaint, she should be expressly cautioned that failure to file a second amended complaint in a form sufficient to establish that this Court has jurisdiction over her causes of action within the time required will result in final dismissal of the case.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the amended complaint filed in this action, doc. no. 7, be **dismissed without prejudice**, and that the amended motion to proceed *in forma*

*pauperis*, doc. no. 8, be **denied without prejudice**.  I further recommend that the Court give Higgins eleven days from the date of the ruling on this Report and Recommendation to file a second amended complaint that sets forth her claim sufficiently to invoke this Court's jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy